1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., | |
| Plaintiff, | CASE NO. C04-110JLR |
| v. | |
| 85 FIFTH STREET ASSOCIATES LLC, et al., | ORDER |
| Defendants. | |
| HOWARD JOHNSON INTERNATIONAL, INC., | |
| Plaintiff, | CASE NO. C04-112JLR |
| v. | |
| 85 FIFTH STREET ASSOCIATES LLC, et al., | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment from Plaintiff Howard Johnson Int'l, Inc. ("HJI"). (Case No. 04-112, Dkt. # 13). The court has reviewed the parties' submissions and heard argument from the parties on April 20,

ORDER – 1

2005. For the reasons stated below, the court GRANTS HJI's motion in part and DENIES it in part.

## II. BACKGROUND

Defendants are a group of individuals and entities operating a Howard Johnson hotel in Chehalis, Washington. The two individual Defendants, Lawrence Horowitz and Andre Tatibouet, were principals in 85 Fifth Street Associates, L.P. and are principals in 85 Fifth Street Associates, LLC, its successor.[1]

In June 1997, 85 Fifth Street entered into a License Agreement with HJI. The License Agreement set forth the parties' ongoing obligations in operating the Chehalis hotel under the Howard Johnson name. The License Agreement contained a termination provision and a provision for liquidated damages. When 85 Fifth Street changed corporate forms in 2000, Defendants Horowitz and Tatibouet jointly executed a guaranty ("Guaranty") in which they personally guaranteed all obligations of 85 Fifth Street Associates, LLC.

In 1993, Defendant Northwest Lodging, Inc. ("NLI") entered into a Development Agreement with one of HJI's predecessors. Although NLI apparently was involved in operating the Chehalis hotel for 85 Fifth Street, NLI is not a party to any agreement addressing the Chehalis hotel. On its face, the Development Agreement applies only to other hotels in the northwest. The key portions of the Development Agreement provide for HJI to make advances to NLI to renovate hotel rooms to meet HJI standards. The Development Agreement includes a provision for repaying the advances, and provides for repayment of unpaid advances upon termination of the agreement.

---

[1] 85 Fifth Street Associates, LLC assumed all obligations of 85 Fifth Street Associates, L.P. in October 2000. Except where the distinction is important, the court will refer to both entities as "85 Fifth Street."

ORDER – 2

In an addendum to the License Agreement, 85 Fifth Street and HJI agreed on a "Development Incentive." The addendum stated: "As previously agreed, $1,000 per room x 537 rooms = $537,000 will be paid upon execution of the license agreement." License Agreement, Schedule D; License Agreement Sect. 18.2 (incorporating Schedule D into the License Agreement). The parties dispute whether this addendum incorporated the Development Agreement into the License Agreement.

It is undisputed that 85 Fifth Street breached the License Agreement by failing to make required payments to HJI. After a series of notice letters, HJI formally terminated the License Agreement in September 2003. HJI now seeks summary judgment for liquidated damages and unpaid recurring fees under the License Agreement as well as the unpaid portion of advances made under the Development Agreement. HJI also moves for summary judgment against Defendants' counterclaim for a breach of the covenant of good faith and fair dealing.

## III. ANALYSIS

In examining HJI's motion, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident &

ORDER – 3

Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  Where a question presented is purely legal, summary judgment is appropriate without deference to the non-moving party.

      The facts relevant to HJI's motion are essentially undisputed.  There is no dispute that 85 Fifth Street breached the License Agreement and that Defendants Tatibouet and Horowitz are personally liable for damages under it.  It is also undisputed that damages for Defendants' breach are $58,699.07 in unpaid recurring fees and $100,000 in liquidated damages.  Defendants have presented no evidence to counter the plain terms of the License Agreement and HJI's evidence that Defendants did not comply with it.  Although Defendants claim that the agreements at issue have been amended or superseded, they attach no documentation to support those claims.  Defendants substitute repeated generalizations that there are disputed issues of material fact for actual evidence of such disputes.  Their generalizations are insufficient to create a triable issue.

      The court therefore grants HJI's motion as it pertains to the License Agreement.  The court finds that Defendants have not presented evidence to contradict HJI's evidence that the License Agreement is valid and enforceable, and that the Defendants are liable for unpaid recurring fees and liquidated damages under the agreement.  The court also finds that the liquidated damages provision in the License Agreement is valid under Washington law.  The court finds that under the License Agreement, Defendants are liable for $58,699.07 in unpaid recurring fees and $100,000 in liquidated damages, plus prejudgment interest and attorneys' fees as provided in the License Agreement.

      HJI's motion raises only one issue that the court cannot resolve as a matter of law: the status of the Development Agreement.  As noted above, the Development Agreement on its face does not apply to the Chehalis hotel.  In negotiating the License Agreement, the parties entered a letter agreement under the heading "Development Incentive" that "$537,000 will be paid upon execution of the license agreement."  License Agreement,

ORDER – 4

Schedule D. HJI states, without further support, that this agreement incorporated the Development Agreement into the License Agreement. Defendants claim that they instead negotiated a different agreement, wherein there was no "advance" as described in the Development Agreement, but rather an "incentive" that they did not have to repay.

The addendum to the Licensing Agreement creates ambiguity over what previous agreement the parties memorialized. It might have been the Development Agreement, or it might have been another agreement on similar terms. Defendants seem to argue that the $537,000 payment was a gift from HJI, but they have already repaid all but $43,800. It is clear that the "Development Incentive" was a loan from HJI to the Defendants, but the terms of that loan are not plain from the record. The court thus declines to enter summary judgment enforcing the Development Agreement.

The court grants HJI's motion as it pertains to Defendants' counterclaim for a breach of the covenant of good faith and fair dealing. Defendants allege that HJI acted improperly by making changes to its nationwide reservation center and its training and marketing programs, and by repositioning Howard Johnson as an economy hotel brand. Defendants have provided no competent evidence of this conduct. The only evidence before the court is a declaration from Defendant Horowitz that does not discuss these allegations. HJI has established the absence of any disputed issue of fact as to the counterclaim, and the court therefore grants summary judgment against it.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS HJI's motion for summary judgment in part and DENIES it in part. (Dkt. # 13). The court notes that this order does not apply to Defendant Andre Tatibouet, as this action is stayed with respect to him as a result of his bankruptcy filing.

ORDER – 5

Dated this 26th day of May, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 6