1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOWARD JOHNSON
INTERNATIONAL, INC.,

                    Plaintiff,                              CASE NO. C04-110JLR

        v.

85 FIFTH STREET ASSOCIATES LLC, et                        ORDER
al.,

                    Defendants.
_____

HOWARD JOHNSON
INTERNATIONAL, INC.,                                      CASE NO. C04-112JLR

                    Plaintiff,

        v.

85 FIFTH STREET ASSOCIATES LLC, et
al.,

                    Defendants.

## I.  INTRODUCTION

        This matter comes before the court on two motions from Plaintiff Howard Johnson

Int'l, Inc. ("HJI").  As to Case No. 04-110 in this consolidated action, HJI moves for

partial judgment under Fed. R. Civ. P. 54(b) or in the alternative, voluntary dismissal of

ORDER – 1

its remaining claims (Dkt. # 23).  As to Case No. 04-112, HJI seeks summary judgment establishing Defendants' liability on HJI's claims and dismissing Defendants' counterclaims (Dkt. # 24).  For the reasons stated below, the court DENIES the first motion and GRANTS the second motion.

## II.  BACKGROUND & ANALYSIS

Defendants in each of the cases before the court are a group of individuals and entities operating Howard Johnson hotel franchises.  Case No. 04-110 pertains to a hotel in Kent, Washington; Case No. 04-112 pertains to a hotel in Chehalis, Washington.  The two individual Defendants, Lawrence Horowitz and Andre Tatibouet, were principals in 85 Fifth Street Associates, L.P. and are principals in 85 Fifth Street Associates, LLC, its successor.[1]  They are also principals in Defendant Northwest Lodging, Inc.

This case is complicated by the bankruptcies of Defendants Horowitz and Tatibouet.  The resultant automatic stay prevents the court from taking any action with respect to those individuals.  The business entity Defendants, however, have not filed for bankruptcy.  HJI requests that the court consider its motions as they apply to those entities.  None of these Defendants have opposed the pending motions, nor could they, as they have no counsel.

**A.      HJI's Summary Judgment Motion.**

The court turns first to HJI's motion for summary judgment on claims relating to the Kent hotel.  As HJI points out, this motion is virtually identical to a motion relating to the Chehalis hotel that the court granted in part on May 26, 2005 (Dkt. # 22).  Unlike the previous motion, this motion is not complicated by a claim for liability under a

---

[1]85 Fifth Street Associates, LLC assumed all obligations of 85 Fifth Street Associates, L.P. in October 2000.  Except where the distinction is important, the court will refer to both entities as "85 Fifth Street."

ORDER – 2

Development Agreement.  Also, Defendants opposed the previous motion; they do not oppose this one.

Where the non-moving party fails to oppose a summary judgment motion, the court must still apply the standards of Fed. R. Civ. P. 56.  Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that court may not grant summary judgment merely because motion is unopposed, even where local rules are to the contrary).  The court must determine if the moving party's papers are sufficient to demonstrate that there is no genuine issue of material fact and judgment is appropriate as a matter of law.  See id. at 950.

For the reasons stated in its May 26 order, the court finds that there are no genuine issues of material fact regarding Defendants' liability under the License Agreement covering the Kent hotel.  The court also finds no issues of material fact regarding Defendants' liability for $100,000 in liquidated damages and $57,163.14 for unpaid royalties under the License Agreement.  As to Defendants' counterclaims regarding the Kent hotel, the court finds that summary judgment is appropriate for the reasons stated in its May 26 order.

**B.    HJI's Request for Partial Judgment Under Rule 54(b).**

HJI asks the court to enter partial judgment enforcing the court's May 26 order. That order addressed HJI's contract claims, and resolved only claims relating to HJI's License Agreement for the Chehalis hotel.  The order also dismissed Defendants' counterclaims.

Under Rule 54(b), the court can enter a "final judgment as to one or more but fewer than all of the claims" in an action involving multiple claims if it determines "that there is no just reason for delay."  The rule authorizes the court to enter judgments that dispose of fewer than all of the claims in an action, but that are "final" as to the claims

ORDER – 3

that the judgment terminates.  The rule thus raises questions of judicial economy, as it raises the possibility of multiple final judgments, and multiple appeals.  See Gausvik v. Perez, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("[I]n the interest of judicial economy Rule 54(b) should be used sparingly.").

The court declines to exercise its discretion to grant HJI partial judgment for several reasons.  First, the judgment would fracture this case into ungainly pieces.  As to both the Kent and Chehalis hotel, HJI has brought claims under the Lanham Act.  The court has yet to address those claims, as no motion has been made.  Moreover, HJI's complaint indicates that it is seeking multiple forms of relief (e.g., unjust enrichment damages, disgorgement of profits) for its contract claims.  The court has not addressed those remedies.  HJI seeks to break this case into multiple appealable pieces, a step the court will not take absent compelling circumstances.  See Gausvik, 392 F.3d at 1009 n.2 (Rule 54(b) "was not meant to displace the 'historic federal policy against piecemeal appeals.'") (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)).

As an alternative to a partial judgment, HJI has agreed to dismiss its remaining claims as to the Chehalis hotel.  HJI believes this will permit the court to sever the cases that it consolidated (with HJI's agreement) only a few months ago, and enter final judgment as to the Chehalis case.  Again, the court declines to take this step, as it would neither serve judicial economy nor the interests of the parties.

If the sole unadjudicated portion of this action were HJI's claims against the bankrupt individual defendants, the court would enter a partial judgment on all of HJI's claims against the business entity Defendants.[2]  As the matter stands now, however, HJI

---

[2]For example, if HJI were willing to dismiss its Lanham Act claims and its alternative contractual remedies as to both the Kent and Chehalis hotels, the court could enter a partial judgment resolving all claims against the business entity Defendants.

ORDER – 4

has pending claims against those entities.  The court finds partial judgment (or severing these cases) to be inappropriate under these circumstances.

### IV.  CONCLUSION

For the foregoing reasons, the court GRANTS HJI's motion for summary judgment (Dkt. # 24) and DENIES HJI's motion for partial judgment or severance (Dkt. # 23).  The court notes that this order applies neither to Defendant Horowitz nor Defendant Tatibouet, as this action is stayed with respect to them as a result of their bankruptcies.

Dated this 22nd day of July, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 5